IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ETTA VITA,<br><br>                   Plaintiff,<br><br>vs.<br><br>UINTAH BASIN MANUFACTURING,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER ENTERING DEFAULT JUDGMENT<br><br><br>Case Number 2:24-CV-690 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Sanctions. For the reasons discussed below, the Court will enter default judgment

On March 4, 2025, counsel for Defendant moved to withdraw, which the Court permitted. The Court ordered that new counsel must enter an appearance within twenty-one days and warned that "[a] party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[1] Defendant failed to have new counsel appear on its behalf. Plaintiff now moves for entry of default. Defendant has not responded to the Motion.

Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[2] Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(c) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[1] Docket No. 21.

[2] FED. R. CIV. P. 16(f)(1)(c).

1

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[3]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[4]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[5] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[6] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[7] The Court considers each factor below.

---

[3] FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii).

[4] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[6] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

[7] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka*

*1.  Degree of actual prejudice to Plaintiff.*

The Court finds that Plaintiff has been prejudiced by Defendant's failure to appear

through counsel and properly participate in this action. Prejudice may be inferred from delay,

uncertainty, and rising attorney's fees.[8] The unwillingness of Defendant to engage in this action

has interfered with Plaintiff's ability to obtain resolution to its claims. Therefore, this factor

weighs in favor of default judgment.

*2.  Amount of interference with the judicial process.*

The Court finds that Defendant's actions have interfered with the judicial process,

effectively halting the ability to proceed with this action. Not only has Defendant failed to

appoint counsel, it has failed to respond to this Motion in any way. This clearly suggests that

Defendant has no intention to participate any further in this matter. This factor, therefore, also

weighs in favor of default judgment.

*3.  Litigant's culpability.*

Defendant's culpability is evident in its failure to respond to the Court despite being

warned that failure to have counsel appear could result in sanctions. The Tenth Circuit has

articulated that while default judgment is a "drastic sanction, it is appropriate in cases of willful

---

*& Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[8] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that "delay would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

misconduct."[9] It has further defined a "'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[10] As noted above, Defendant failed to obey this Court's order requiring it to obtain counsel. Defendant also failed to respond to the instant Motion. The Court finds that these are intentional failures. This factor weighs in favor of default judgment.

4. *Whether Court warned noncomplying litigant that default judgment was likely sanction.*

The Court has warned Defendant that its failure to obtain counsel could result in default judgment. This factor weighs in favor of default judgment.

5. *Efficacy of lesser sanctions.*

The Court finds that any lesser sanctions would be inadequate. Defendant has failed to respond or participate in this litigation in any way since its counsel was permitted to withdraw and there is no indication that it intends to do so. This factor, again, weighs in favor of default judgment. Considering all the factors above, the Court finds that default judgment is appropriate.

It is therefore

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 22) is GRANTED. Plaintiff is directed to provide a proposed default judgment within fourteen (14) days of this Order.

DATED this 4th day of August, 2025.

BY THE COURT:

Ted Stewart
United States District Judge

---

[9] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[10] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987).